MIAMI VALLEY PRODUCTION CREDIT ASSOCIATION, Plaintiff,

v.

Roger TEGTMEYER, Mary Tegtmeyer, Carl Tegtmeyer, Connie Lou Tegtmeyer, Richard Dean Tegtmeyer, Marie Tegtmeyer, George Ledford, Trustee, Defendants.

In the Matter of Roger TEGTMEYER, Mary Tegtmeyer, Carl Tegtmeyer, Connie Lou Tegtmeyer, Richard Dean Tegtmeyer, Marie Tegtmeyer.

Bankruptcy Nos. 3–82–00497 to 3–82–00499.
Adv. No. "A".

United States Bankruptcy Court, S.D. Ohio, W.D.

July 21, 1983.

Eric Brand, Greenville, Ohio, for plaintiff.

George Ledford, Englewood, Ohio, defendant/trustee.

Robert Farber, Columbus, Ohio, for defendants/debtors.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

The issues raised pertain to three separate Chapter 13 cases wherein Miami Valley Production Credit Association filed complaints on 21 April 1982 raising the same issues in each case. After the adversarial proceedings had been duly placed at issue by the pleadings and pretrial orders entered, disposition of state law question raised as to the Ohio law of partnerships was necessarily deferred because of jurisdictional questions posed by the Supreme Court opinion in the *Northern Pipeline Construction Co.* case and the subsequent adoption of the "Model Emergency Rules of Procedure" by the District Court of the Southern District of Ohio pursuant to Order of the Sixth Circuit Judicial Council. On 8 April 1983 the parties stipulated of record that the case could proceed for disposition by judgment in the Bankruptcy Court to the extent that jurisdictional questions could be waived, as a matter of law, and conformably to the numerous decisions by this Court on the invalidity of the Model Rule.

The evidence was adduced at a combined trial for all three cases upon the urgent request of counsel for the interested parties, who could not devote literally days of expensive litigation to the frustration of epidemic ancillary and wasteful forum shopping, and despite the rampant misinformation circulated nationally to the effect that bankruptcy court litigation presents no problems to litigants because of the Model District Emergency Rules adopted pursuant to Circuit Judicial Council directives.

### FINDINGS OF FACT

For the sake of brevity, only the facts essential for dispositive issues need be stated.

On February 22, 1982, Roger and Mary Tegtmeyer, husband and wife; Carl Duane and Connie Lou Tegtmeyer, husband and wife; and Richard Dean and Marie Ann Tegtmeyer, husband and wife filed three separate petitions for relief under Chapter 13 of the Bankruptcy Code.

The Roger and Mary Tegtmeyer case was filed first, on 22 February 1982. Roger listed his occupation and income as farmer and as an employee of the Cadillac Gage Company, Greenville, Ohio. Mary Tegtmeyer was employed as homemaker. Roger represented that since 1970 he had been farming in business with his two brothers, Richard and Duane Tegtmeyer. His schedules and statement of affairs represent that his brothers, Richard and Duane Tegtmeyer, are jointly and severally liable with him on obligations to all farm creditors listed in the schedules, with the exception of family debts such as the Second National Bank of Greenville; Sears, Roebuck & Company; and the American Budget Company. In addition to certain household goods and furnishings, Roger and Mary scheduled an ownership in an undivided one-third interest in the farming equipment and tools with an estimated value of $38,610.00, upon which Miami Valley Production Credit Association (MVPCA) holds a security interest.

Carl Duane and Connie Lou Tegtmeyer filed next. Carl's employment was listed as farmer, and Connie Lou's employment was listed as factory worker at the Fram Corporation, Greenville, Ohio. They also represented that all of the brothers were jointly and severally liable on all obligations to all farm creditors listed in the schedules, but not the family debts. They also listed an undivided one-third interest in the farm chattels and tools as listed in Roger and Mary's case, in addition to certain household goods and furnishings and a family motor vehicle.

Richard Dean Tegtmeyer and Mary Ann Tegtmeyer filed next. Richard listed his employment as farmer and as laborer, an employee of the Delco Moraine Division of General Motors. Mary Ann's employment was listed as homemaker. As in the other cases it was represented that Richard had been farming in business with his two

brothers, Roger and Duane Tegtmeyer, since 1970. Debtors also represent that Roger and Duane Tegtmeyer are jointly and severally liable with the Debtors on obligations to all creditors listed, with the exception of family debts to Sears, Roebuck & Company; Credit Thrift of America; Montgomery Ward & Co.; and the Arcanum National Bank. They also list ownership in an undivided one-third interest in the farm equipment and tools as scheduled in the other two cases.

All of the cases make reference to the "Tegtmeyer Brothers Farm Operation," consisting of grain farming on 293 acres of land on a share-crop basis. The brothers would receive a share of the net income from the crops, which in 1982 grossed $27,936.00, with a net income of $15,566.00 after payment of expenses. This net income was shown as "net partnership income."

As to the farming business in question, Carl Tegtmeyer was the primary operator as his occupation, but his two brothers were employed also at other occupations. There had never been a written partnership agreement and partnership federal income tax informational returns had never been filed. Certain items of farm equipment had been carried in the name of Carl, although funds for the purchase have been borrowed by all brothers from MVPCA for the purchase. There was an oral agreement among the brothers to divide expenses and profits and all three claimed depreciation on their personal income tax returns for the items of farm equipment.

All of the proposed plans submitted in the respective Chapter 13 cases contemplated funding all or in part from projected farm income.

MVPCA is a secured creditor based upon a promissory note under date of April 18, 1980, in the principle amount of $155,000.00, upon which all of the Debtors appear as comakers individually and jointly and severally for the total debt. The balance due and owing on this note on February 22, 1982, was in the amount of $161,196.18 plus interest accumulating at the rate of $55.72 per day. The note was signed by all six individuals and does not bear any specific reference to a partnership and was not executed by the makers in a partnership capacity.

## DECISION

There is no doubt that all of the Debtors are individually, jointly and severally liable to Plaintiff on the promissory note and that Plaintiff holds a valid security interest in all of the farm equipment, live stock and crops, including after-acquired items. Complainant has emphasized that the unsecured debts in each case are in excess of one hundred thousand dollars; that the proposed plan based upon farm income or sale of farm chattels is not feasible; that it would be in the best interest of Plaintiff to be paid by liquidation under Chapter 7 of the Bankruptcy Code; that certain items of farm equipment and machinery upon which the security interest attaches have not been properly scheduled in the Chapter 13 cases; and that the parties are partners and that the partnership assets cannot be administered through the three separate individuals estates.

The Plaintiff seeks not only dismissal of the Chapter 13 cases but also monetary judgment for the balance due on the promissory note involved.

The Complainant argues the existence of a partnership by estoppel consisting of Debtors Roger Tegtmeyer, Carl Tegtmeyer and Richard Dean Tegtmeyer and seeks, therefore, a dismissal of the three instant Chapter 13 cases filed by these Debtors and their spouses, respectively Mary Tegtmeyer, Connie Lou Tegtmeyer and Marie Tegtmeyer. Complainant further argues,

"By applying for Chapter 13 relief, the Tegtmeyer Brothers, acting as a partnership, are attempting to manipulate the Bankruptcy Code so as to work a hardship on their creditors and evade the literal intent of Federal Law. The Defendant dealt with the Tegtmeyer Brothers as a legal entity not merely because they held themselves out as such, but because they are in fact a partnership. The claim that the individual brothers were merely

guarantors of the secured obligations is facetious. Each brother signed the security agreements as members of the partnership and each are jointly and severally liable to the partnership creditors.

In conclusion, the Tegtmeyer Brothers have manifested all the elements and indicia of the partnership relationship, i.e., an express or implied partnership contract between the brothers; the sharing of profits and losses; mutual agency and control; and the co-ownership of the business and of the property used for partnership purposes or acquired with partnership funds. See 42 O.Jur.2d *Partnership* § 15. Having satisfied all of these criteria the Tegtmeyer Brothers fail to qualify for Chapter 13 relief under the Federal Bankruptcy Code."

The facts demonstrate clearly that some form of partnership does exist. There were, however, no written articles of partnership. What constitutes a "partnership" is not defined in the Bankruptcy Code of 1978, although the problem was acknowledged during the legislative process. The Congress left the question for determination by nonbankruptcy law to be construed by the bankruptcy court. H.Rep. No. 95–595, P. 156, U.S.Code Cong. & Admin.News 1978, p. 5787 Bkr-L Ed. Legislative History § 82:6. The legislative history further would indicate that the case precedents as to partnerships developed under the 1898 Bankruptcy Act were deemed to hold that a partnership by estoppel would not be eligible to be a debtor as a separate entity under Chapter 13 of the 1978 Code. The focus on the problem in the legislative history of the applicable statutes concerned only husbands and wives as joint debtors, termed "mom and pop" businesses. H.R.Rep. No. 95–595, P.P. 197, 198, 199, Bkr-L Ed. Legislative History § 82:6.

All of the legal documents provided by the three brothers and their spouses over the years were signed in their individual capacities. In fact, there was never any reference to a partnership in executing the promissory notes, security agreements, and financial statements. The joint and several liability is made clear, nevertheless, and the designation of "Tegtmeyer Brothers" was used in dealings with trade creditors, without reference to the individual debtors. Furthermore, with minor exceptions, all of the farm assets were owned and used as entity property, even though the individual brothers were not particularly knowledgeable in business affairs and never filed federal partnership information tax forms. They did segregate gross income and expenses before distributing net profits.

■ This Court concurs with the basic principle that a partnership cannot seek relief under Chapter 13 and that there are sufficient indicia of an apparent partnership on the facts *instanter* to justify the denial of jurisdiction for such a case administration. There are certainly sufficient facts established by the evidence to constitute at least *prima facie* evidence of a partnership because of the sharing of profits and losses, mutual agency, co-ownership, and the use of the term "Tegtmeyer Brothers" in business dealings. See 13 O.Jur.3d, *Business Relationships,* Elements and Indicia of Partnership Relation, §§ 939–942.

Although it is axiomatic, therefore, that the theory and purpose of Chapter 13 relief clearly does not encompass a partnership entity as a debtor, the court is constrained to disagree with Complainant's thesis that the "Tegtmeyer Brothers" by filing as individuals "are attempting to manipulate the Bankruptcy Code so as to work a hardship on their creditors and evade the literal intent of Federal Law."

Such a proposition does not merit a dismissal of the cases of the partners and wives as individuals, who meet the eligibility standards of having regular income. 11 U.S.C. § 109(e).

The determinative issue is whether the assets of the farming business are subject to claims of all creditors, or only those of the business creditors. See H.Rep. No. 95–595, P. 320, Bkr-L Ed. Legislative History § 82:15. The partnership now in question is only a partnership by estoppel, rather than one by agreement, and the individual interests of each debtor may properly be

included in each individual Chapter 13 case, conformably to pre-code bankruptcy law. H.Rep. No. 95–595, P. 320.

The partnership assets as an entity, nevertheless, cannot be administered in the Chapter 13 process. The business creditors should be enabled to look to the business entity for payment of the strictly business debts.

A qualified debtor in Chapter 13 is not precluded from subjecting his interest in partnership (or other jointly owned) assets to the benefit of all creditors. The joint and several liability in these cases would permit the individual liability to be asserted by such creditors.

The important distinction now pertinent is that all of the individual debtors' assets may be scheduled; but, the partnership as an entity is not subject to estate administration. The business of the partnership cannot be conducted in the Chapter 13 cases because the debtors are not "self employed" in the production of income, as concerns the operation of the farming business. 11 U.S.C. § 1304.

■ The joint and several liability of the individual debtors for partnership obligations may be asserted in the individual Chapter 13 cases; and, the legal interests of creditors claiming partnership liability will be justiciable upon consideration by the court of proposed plans and the legal rights and safeguards applicable for the protection of both debtors and creditors (such as the best interests of creditors and the feasability of the plans).

Having concluded that the individual partners may legally seek relief under Chapter 13 despite the existence of a partnership entity, whether *de facto* or *de jure,* the next issue concerns compliance with the jurisdictional limitation as to the total amount of debts by each debtor, unsecured debts of less than $100,000.00 and secured debts of less than $350,000.00. 11 U.S.C. § 109(e).

Because each debtor owns a net interest in partnership assets of only one-third, but is joint and severally liable on the total farm debts (as well as personal debts), the debt structure negates the full advantage of the total collateral on the farm secured debts in each individual case, rendering two-thirds of the secured debts as unsecured in each individual case. Hence the noncontingent, liquidated unsecured debts in each individual case exceed the $100,-000.00 limitation, without the necessity of more definitive current appraisals currently lacking in the evidence. It has been conceded by all of the interested parties that the total partnership assets are insufficient to collateralize fully the secured debts. Obviously, computing the deficiency by dividing the collateral into three equal *aliquot* shares renders the deficiency indisputable inasmuch as the total partnership collateralized debts are in excess of $175,000.00 and the ⅓ interest in the collateral allocated to each individual case would conservatively not exceed $30,000.00 to $35,000.00 in value.

Furthermore, as conversion to a case for Chapter 11 relief by a Chapter 13 debtor is not provided by the statutes, and as there is no pending case for the partnership entity, the respective debtors may seek such relief only by duly instituting original cases for these various entities, if the farm business is to be operated pending bankruptcy court estate administration. Even though the individual debtors may convert as a matter of right to a Chapter 7 administration, such a vehicle would likewise provide no means to attempt to save the farming business.

It must be concluded, therefore, that the individual cases should not be dismissed merely because the individual debtors operate a partnership business, as an application of the entity theory of partnerships as employed in bankruptcy law. Under the facts, nevertheless, the total unsecured debts in each individual case resulting from the joint and several liability of each debtor for the business debts exceed the $100,000.00 maximum limitation.

■ In conclusion, the request for dismissal of the pending individual Chapter 13 cases must be denied and the Debtors allowed two weeks to propose modified plans deleting operation of the farm business

therefrom. If the Debtors do not elect so to proceed with modified plans within two weeks and the partnership as an entity does not seek relief under Chapter 11 of the Bankruptcy Code within two weeks, Miami Valley Production Credit Association should be granted relief from the stay imposed by 11 U.S.C. § 362 in the individual cases to seek monetary judgment against the partnership in the state courts and enforcement of its security interests. A determination of the total collateral applicable to secured debts and the resulting amount of unsecured debts to be considered as noncontingent and liquidated cannot be conclusive unless and until the partnership entity is deleted from the individual cases.

### ADDENDUM TO DECISION
### ISSUED JULY 15, 1983

The Court directs attention to the following Ohio statutory provisions not cited or discussed by any of the litigants, to-wit:

*Ohio Revised Code § 1775.23 Property rights of partner.*

The property rights of a partner are his rights in specific partnership property, his interest in the partnership, and his right to participate in the management.

*§ 1775.24 Co-ownership of specific partnership property, incidents of tenancy.*

(A) A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership.

(B) The incidents of this tenancy are such that

(1) A partner, subject to Sections 1775.01 to 1775.42, inclusive, of the Revised Code, and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners.

(2) A partner's right to specific partnership property is not assignable except in connection with the assignment of rights of all the partners in the same property.

(3) A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. When partnership property is attached for a partnership debt, the partners or any of them, or the representatives of a deceased partner cannot claim any right under the homestead or exemption laws.

\*　　\*　　\*　　\*　　\*　　\*

*Ohio Revised Code § 2329.66 [Exempted interests and rights.]*

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows: ...

(14) The person's right in specific partnership property, as exempted by division (B)(3) of section 1775.24 of the Revised Code.