In re Kenneth ROSS, 447–22–0731 and Wanda Ross, 443–40–2531, Debtors.

Bankruptcy No. 93–70550.

United States Bankruptcy Court, E.D. Oklahoma.

Oct. 25, 1994.

944

Robert Inglish, Okmulgee, OK, for debtors.

David L. Morris, Ada, OK, for creditors Melvin and Enola Chilcoat.

## ORDER

TOM R. CORNISH, Bankruptcy Judge.

On the 1st day of September, 1994, the Chapter 13 Plan; Objection by Melvin and Enola Chilcoat; Response by the Debtors; Response by the United States Trustee; Objection to the Claim of Melvin and Enola Chilcoat by the Debtors; and, Response by Melvin and Enola Chilcoat came before the Court for hearing. Counsel appearing in person were Robert Inglish for the Debtors; Lonnie Eck, Chapter 13 Trustee; Paul Thomas, Assistant United States Trustee; and, David Morris for Melvin and Enola Chilcoat. At the conclusion of the hearing, the parties were given until September 9, 1994, in which to file additional authorities.

After a review of the above-referenced pleadings, the Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed.R.Bankr.P., in this core proceeding:

### FINDINGS OF FACT

1. The Debtors filed a Chapter 7 case on June 27, 1991. The Rosses listed the Chilcoats' deficiency judgment as a debt in their bankruptcy schedules. Memorandum Order, 93–744–S. The Rosses' personal liability was discharged, but the deficiency remains a nonrecourse *in rem* debt in this action. *Id.* The Debtors were granted a discharge on February 5, 1992. The Debtors entered into a Reaffirmation Agreement with regard to the BancFirst Note, which was filed in the 1991 bankruptcy. There was no Order approving the Reaffirmation Agreement. The BancFirst Note was purchased by the Chilcoats, who are objecting to the confirmation of the plan in this bankruptcy.

2. Thereafter, the Debtors filed for relief under Chapter 12 of the Bankruptcy Code on May 11, 1993. The Debtors were determined ineligible for Chapter 12 relief and the Debtors' case was dismissed on August 23, 1993; however, the Debtors were allowed to file a Motion to Convert to Chapter 11, which the Debtors did.

3. The Debtors filed their plan and disclosure statement on December 23, 1993. The Plan was accepted by John Deere Company;

and rejected by Melvin and Enola Chilcoat. This court, in its Order denying confirmation of the Chapter 11 plan, found:

9. The Debtors' business is conducted through an undefined partnership agreement with their son, Jackie Ross. No written business agreement exists. The son performs at least 60 percent of the family work and handles the income receipts and disbursements. The Debtors' son "allocates" expenses between himself and the Debtors in an undefined manner. Assets and expenses are "pooled" and the parties "settle up" in December or January of each year, again in an unspecified manner. Thus, the son's decision on the allocation of income and expenses obviously impacts the Debtors herein. Further, the son's operations are outside the supervision of this Court. The success or failure of the farming operation is totally dependent on Debtors' son.

Based upon these facts, the Court found the Debtors' Chapter 11 plan was not feasible. The Debtors were given ten days to convert or dismiss this cause. The Debtors filed a Motion for a New Trial to which the Chilcoats objected. The Court denied the Motion for New Trial and the Debtors converted to Chapter 13.

4. The Debtors filed their Chapter 13 Plan on July 14, 1994. The Chilcoats object to the plan based on the fact the Debtors are not eligible for Chapter 13 relief because their unsecured debt exceeds the statutory limitations. The Assistant United States Trustee objected to the confirmation of the plan for the following reasons: (1) Debtors were not an "individual and spouse" as required by 11 U.S.C. § 109(e); (2) they do not have "regular income" as required by § 109(e); and, (3) Debtors do not have less than $100,000 in unsecured debt.

### CONCLUSIONS OF LAW

A. Section 109(e) of the Bankruptcy Code provides:

(e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less then $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under Chapter 13 of this title.

B. The first issue is to determine whether the Debtors are an individual and spouse, which would allow them to be debtors under Chapter 13. The United States Trustee argues that the assets, as listed in the original Chapter 12 case, reflect an agreement between the Debtors and their son, wherein each party owns a one-half interest in some farming equipment, and thus, the Debtor and his son are operating a partnership. Therefore, the Debtors would be ineligible for Chapter 13 relief.

A partnership cannot seek relief under Chapter 13. *In re Tegtmeyer*, 31 B.R. 555 (Bankr.S.D.Ohio 1983). The issue in *Tegtmeyer* was whether the assets of a farming business were subject to claims of all creditors, or only those of the business creditors. *Id.* The court found that partnership assets as an entity cannot be administered in the Chapter 13 process. *Id.* The business creditors should be able to look to the business entity for payment of the strictly business debts. *Id.* The court held that the debtors could file a modified plan excluding partnership assets and debts. The Debtors, likewise, have partnership assets which would have to be excluded in order for the Debtors to be eligible for Chapter 13 relief; however, this requirement does not end the analysis of whether the Debtors are eligible for Chapter 13 relief.

C. The second requirement under § 109(e) for relief under Chapter 13 of the Bankruptcy Code is whether the Debtors have "regular income." "Regular income" includes sources of income other than just wages. *In re Robertson*, 84 B.R. 109 (Bankr. S.D.Ohio 1988). In determining whether the Debtors are entitled to qualify for Chapter 13 relief, the court may look to social security, welfare, investments, pensions and unem-

946

ployment benefits as regular income. These monies come on a regular basis with a reasonable degree of certainty. This Court has previously heard testimony regarding the business partnership between Mr. Ross and his son. The son handles the income receipts and disbursements. At the end of the year, the Debtors and their son "settle up." The son "allocates" expenses between himself and the Debtors and thus, he alone determines the amount of income that the Debtors will receive. Thus, the Debtors do not have "regular income." Their income is dependent upon their son's allocations, which is within his total discretion. This does not fall within the category of "regular income." Therefore, the Debtors do not qualify as Debtors for relief under Chapter 13 of the Bankruptcy Code.

■ D. The Debtors have already sought relief under Chapter 12, Chapter 11, and Chapter 13 of the Bankruptcy Code since the filing of this petition. Previously, the Debtors sought relief under Chapter 7 of the Bankruptcy Code and obtained a discharge. Thus, now they cannot obtain a discharge under Chapter 7. The Rosses have been introduced to all four chapters that they could possibly have been eligible for under the Code. This is principally due to imaginative counsel, though it has been strenuously argued by creditors' counsel that this historical scenario is closer akin to an abuse of the Code. This Court has conducted numerous hearings in this case and is finally convinced that the Rosses have clearly exhausted all available remedies contemplated by Congress. They are ineligible for relief under Chapter 12 and Chapter 13 and they were unable to provide this Court earlier with the assurance their Chapter 11 plan was feasible.

IT IS THEREFORE ORDERED that the confirmation of the Chapter 13 plan and the Objection to Claim are hereby **denied.**

IT IS FURTHER ORDERED that the bankruptcy case is hereby **dismissed.**

IT IS FURTHER ORDERED that the Chapter 13 Trustee shall file a Final Report **within 15 days of the entry of this Order.**